This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO.  29,220**

**JACOB MILLIGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Jacob Milligan (Defendant) appeals from the district court's order denying his motion for entry of acquittal. [RP 156] Defendant raises two double jeopardy issues, contending that (1) the mistrial in Defendant's first trial was a result of the wilful

disregard of the State for the district court's order and Defendant's rights, and, therefore, further prosecution violates double jeopardy; and (2) Defendant was impliedly acquitted in the second trial of the charges of attempted first and second degree murder and further prosecution of those charges would violate double jeopardy. [DS 4] This Court issued two calendar notices that proposed summary affirmance. [Ct. App. File, CN1, CN2] Defendant has filed a memorandum in opposition to the second calendar notice. [2nd MIO] After due consideration, we affirm.

**DISCUSSION**

**Prosecutorial Misconduct**

In the second memorandum, Defendant continues to disagree with this Court's proposed summary affirmance on this issue. [2nd MIO 1-4] Defendant provides no additional facts or legal authorities, however, that persuade us that the analysis set forth in the second calendar notice was incorrect or inappropriate. *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Accordingly, we affirm the district court on this issue.

Article II, Section 15 of the New Mexico Constitution bars a defendant's retrial under double jeopardy principles when (1) improper official conduct is so unfairly

prejudicial to the defendant that it cannot be cured by means short of a mistrial or a motion for a new trial; (2) the official knows that the conduct is improper and prejudicial; and (3) the official either intends to provoke a mistrial or acts in wilful disregard of the resulting mistrial, retrial, or reversal. *State v. Breit*, 1996-NMSC-067, ¶ 32, 122 N.M. 655, 930 P.2d 792. In *State v. McClaugherty*, our Supreme Court set forth the appellate standard of review of a prosecutorial misconduct claim as a mixed question of law and fact. 2008-NMSC-044, ¶ 39, 144 N.M. 483, 188 P.3d 1234. "The appellate court will defer to the district court when it has made findings of fact that are supported by substantial evidence and reviews de novo the district court's application of the law to the facts." *Id.* In examining whether "the prosecutor's conduct amounts to "wilful disregard of a resulting mistrial, retrial, or reversal, the appellate court will carefully examine the prosecutor's conduct in light of the totality of the circumstances of the trial." *Id.* ¶ 58 (internal quotation marks and citation omitted).

"Wilful disregard" means "a conscious and purposeful decision by the prosecutor to dismiss any concern that his or her conduct may lead to a mistrial or reversal, while emphasizing that the prosecutor is actually aware, or is presumed to be aware, of the potential consequences of his or her actions." *Id.* (internal quotation marks and citation omitted). "The presumption that the prosecutor is aware of such consequences is established by the prosecutor's egregious conduct, not necessarily

3

from an inference of a conscious and purposeful decision to bring about a mistrial." *Id.* In *McClaugherty*, the Supreme Court demonstrated the application of each prong of the *Breit* test, concluding that double jeopardy principles barred retrial of the defendant in that case.

A. **The First *Breit* Prong: Whether the Improper Official Conduct was So Unfairly Prejudicial to Defendant That it Cannot be Cured by Any Means Short of a Mistrial or a Motion for a New Trial**

In *McClaugherty*, the prosecutor improperly introduced material facts that were not in evidence and that did not exist through his cross-examination of the defendant. *Id.* ¶¶ 41-42. These facts were statements from witnesses that the prosecutor did not produce at trial, stating the defendant had confessed to shooting and then bragged about it. *Id.* ¶ 41. As such, the prosecutor's reference to these statements was, at the very least, a violation of the hearsay rule and not harmless error. *Id.* ¶ 42. The Supreme Court held that the first prong of the *Breit* test was met in *McClaugherty* because the prosecutor's "conduct was so unfairly prejudicial to [the d]efendant that it could not be cured short of a new trial." *Id.*

In this case, Defendant's first memorandum indicates that the prosecutor acknowledged that he failed to inform Detective Sgt. Perez not to mention that defense witnesses were southside gang members in accordance with the district court's limiting instructions. [MIO 2] The prosecutor explained that he had intended

4

the detective would testify about the photographs of the victim's wounds, but then decided at the last minute to broach other topics. [Id.] Because the officer's statements allowed the jury to know that the defense witnesses were gang members, Defendant was unfairly prejudiced, and, it appears that the prejudice could not be cured by any means short of a mistrial. We hold that the first *Breit* prong is met in this case.

**B.     The Second *Breit* Prong: Whether the Official Knew That the Conduct was Improper or Prejudicial**

In *McClaugherty*, the Supreme Court held that there was no testimony or evidence to support the district court's factual finding that the prosecutor committed the conduct at issue because he was an inexperienced lawyer, a naive practitioner, or a poor lawyer. *Id.* ¶ 47. Moreover, as in *Breit*, in *McClaugherty*, "[t]here [was] no suggestion in the record that the prosecutor acted out of error, or negligence, or mistake." *Id.* ¶ 48. As such, "[t]he law clearly presume[d] that [the prosecutor] knew that his cross-examination of [the d]efendant using either inadmissible hearsay or facts not in evidence, where [the prosecutor] had no intention of trying to gain the proper admission of that material, was improper." *Id.* ¶ 57. The second prong of the *Breit* test was met in *McClaugherty*. *Id.*

In this case, the prosecutor was questioning the officer on direct examination about the victim's wounds. [RP 47W] The prosecutor did not make allusions to the

5

defense witnesses' gang affiliations nor elicit the officer's improper response. The district court judge expressly determined that the prosecutor's actions were "a mistake" or "inadvertent" and denied Defendant's double jeopardy motion on that basis. [RP 51, 62B, 56] As such, unlike in *McClaugherty*, in this case there *is* a "suggestion in the record that the prosecutor acted out of error, or negligence, or mistake." *McClaugherty*, 2008-NMSC-044, ¶ 48. We hold that the second *Breit* prong is not met in this case.

**C.** **The Third *Breit* Prong: Whether the Official Intended to Provoke a Mistrial or Acted in Wilful Disregard of the Resulting Mistrial, Retrial, or Reversal**

In *McClaugherty*, while the prosecutor engaged in a single incident of misconduct, the conduct constituted the "introduction of nonexistent evidence at worst, or at best, inadmissible hearsay through his cross-examination questions." *Id.* ¶ 60. As in *Breit*, the prosecutor in *McClaugherty* essentially acted to avoid "an acquittal at any cost." *Id.* ¶ 59 (internal quotation marks and citation omitted). In *McClaugherty*, moreover, the defendant pointed out that "the misconduct occurred shortly before the end of the trial, when the weakness of the [s]tate's case was apparent." *Id.* ¶ 60. The third *Breit* prong was met in *McClaugherty*.

In this case, however, as mentioned above, the district court judge expressly determined that the prosecutor's actions were "a mistake" or "inadvertent." [RP 51,

62B, 56] Under the circumstances, we cannot say that the prosecutor intended to provoke a mistrial or acted in wilful disregard of the resulting mistrial, retrial or reversal in this case. We hold, therefore, that the third *Breit* prong was not met in this case.

We affirm the district court's decision to declare a mistrial but to allow Defendant to be retried.

**Implied Acquittal**

In the second memorandum, Defendant continues to argue that retrial on the greater charges of attempted first degree murder and the lesser-included offense of attempted second degree murder would violate his double jeopardy rights. [2nd MIO 4-5] Defendant relies on the arguments made in the first memorandum on this issue, however, and he raises no new facts or legal authorities that persuade us that the analysis in the second calendar notice was inappropriate or incorrect. *Ibarra*, 116 N.M. at 489, 864 P.2d at 305. Accordingly, we affirm.

Double jeopardy bars successive prosecutions of all degrees of the offense following an acquittal of any degree. *State v. Fielder*, 2005-NMCA-108, ¶ 11, 138 N.M. 244, 118 P.3d 752. In order to determine the highest degree of the offense upon which a defendant may be retried without violating double jeopardy, the district court judge polls the jury as provided in Rule 5-611(D) NMRA. Rule 5-611(D) provides

that,

> [i]f the jury has been instructed on one or more lesser included offenses, and the jury cannot unanimously agree upon any of the offenses submitted, the court shall poll the jury by inquiring as to each degree of the offense upon which the jury has been instructed beginning with the highest degree and, in descending order, inquiring as to each lesser degree until the court has determined at what level of the offense the jury has disagreed.

Whether the district court was required to poll the jury in regard to its deliberations on each of the lesser included offenses, is an issue of law that we review de novo. *State v. Garcia*, 2005-NMCA-042, ¶ 10, 137 N.M. 315, 110 P.3d 531.

In this case, the jury was instructed on attempted first degree murder, attempted second degree murder, and voluntary manslaughter. [RP 122, 124, 127] Defendant argues that the record is silent as to which, if any, specific charge the jury reached an impasse. Defendant contends this implies he was acquitted of all but the lowest of the submitted charges. [RP 148] We disagree.

The record proper indicates that the district court judge did inquire of the jurors, as follows: "Is there no reasonable probability that you will be able to agree upon a unanimous verdict in some or all of the counts?" [RP 117] The jury foreman responded on behalf of the jurors, "No—on all counts." [Id.] The jury foreman also responded, "We feel we've reached an unresolvable deadlock." [RP 118] The memorandum indicates that the district court judge also asked the jury for a show of

8

hands and then declared a mistrial. [MIO 3]

As we stated in the first calendar notice, the district court is not required to continue its inquiry into the jury's deliberations regarding lesser offenses when the court has determined, through its inquiry, that the jury was unable to reach agreement as to a greater offense. *Fielder*, 2005-NMCA-108, ¶ 14. In this case, the district court's inquiry, including of the foreman and the jurors by show of hands, indicated that the jury was unable to reach agreement as to any of the offenses, including both of the offenses greater than voluntary manslaughter.

We hold, therefore, that there was manifest necessity to declare a mistrial as to all degrees of the offense charged. Under the circumstances, therefore, Defendant can be retried on all degrees of the charges without violating his double jeopardy rights.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Judge**

_____
**ROBERT E. ROBLES, Judge**

9